VIRGINIA & AMBINDER, LLP
Leonor H. Coyle, Esq.
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
lcoyle@vandallp.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID PAGUAY, individually and on behalf of all other persons similarly situated who were employed by BARBASSO, INC d/b/a BASSO 56 and/or PAOLO CANTINI and/or ALEKSANDER KOLA; and/or any other entities affiliated with or controlled by BARBASSO, INC d/b/a BASSO 56 and/or PAOLO CANTINI and/or ALEKSANDER KOLA, <br><br> Plaintiffs, <br><br> - against - <br><br> BARBASSO, INC d/b/a BASSO 56, PAOLO CANTINI, and ALEKSANDER KOLA, and any other entities affiliated with or controlled by BARBASSO, INC d/b/a BASSO 56 and/or PAOLO CANTINI and/or ALEKSANDER KOLA, <br><br> Defendants. | Case No. 11-CV-6266 (LTS) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO THE CLASS**

## PRELIMINARY STATEMENT

Virginia & Ambinder, LLP represents DAVID PAGUAY ("Named Plaintiff") and putative class members (collectively "Plaintiffs") in the above referenced wage and hour class action litigation. The Plaintiffs submit this application for an order permitting court supervised notification to putative class members pursuant to 29 U.S.C. § 216(b).

This action was brought to recover minimum wages, overtime compensation and unlawfully withheld tips and gratuities, owed to Plaintiffs who are presently or were formerly employed by Barbasso, Inc d/b/a Basso 56 and any related corporate entities and Paolo Cantini and Aleksander Kola (collectively the "Defendants" or "Basso 56").

## FACTUAL BACKGROUND

The Defendants employed Plaintiffs to perform work as busboys, runners, dishwashers, cooks, food preparers, delivery personnel, and in other restaurant-related jobs. Beginning in approximately September, 2005, and continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages for all hours worked, overtime compensation, and improperly retaining the gratuities of those employees who were supposed to receive them.

Named Plaintiff David Paguay worked for Basso 56 from approximately March 24, 2008 to October 25, 2010 as a busboy. [See David Paguay Declaration ("Paguay Decl."), annexed to the Declaration of Leonor H. Coyle as Exhibit C, at ¶¶ 2, 3.] Plaintiff Paguay normally worked six (6) days per week, from approximately 11:00 a.m. to 12 a.m. or 1:00 a.m. or from 3:00 or 4:00 p.m. until 12:00 or 1:00 a.m. [Paguay Decl. at ¶ 4.]

While employed by Defendants, Plaintiff Paguay was paid approximately $10 for morning shifts and $20 for evening shifts. However, when the Defendant restaurant held parties

2

and/or events, Plaintiffs were only paid in tips and not an hourly wage. All payments were made in cash. [See Paguay Decl. at ¶¶ 5, 11.] There was no time keeping system in place. The schedules were written down in a notebook that was kept in the front of the restaurant. [See Paguay Decl. at ¶ 9.] Additionally, Paguay and his co-workers often worked more than forty (40) hours each week and did not receive overtime compensation, at time and one half their regular hourly wage, for all the hours over forty (40) that they worked in any given week. [Paguay Decl. at ¶ 7.]

Plaintiff Paguay testified that the defendant-owners Paolo Cantini and Aleksander Kola handled and shared in the employees' tips. According to Paguay, defendants Cantini and Kola retained portions of the tips that were meant for the wait staff, specifically after events and/or parties held at the restaurant. [Paguay Decl. at ¶¶ 8, 11.]

Upon information and belief, defendants Paolo Cantini and Aleksander Kola are shareholders, corporate officers, presidents, vice presidents, directors, and/or owners of Defendant Basso 56. Paolo Cantini and Aleksander Kola made major personnel decisions for Basso 56, such as (i) the hiring and firing of employees; (ii) supervising and controlling employee work schedules or conditions of employment; (iii) determining the rate and method of payment for Basso 56 employees; and (iv) maintaining the few employment records that the company generated. In sum, the defendant-owners Paolo Cantini and Aleksander Kola had control of the alleged activities of Basso 56 that gave rise to the claims brought in this action.

On September 8, 2011, Plaintiffs filed a complaint against Defendants alleging violations of the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law Article 19 §§ 663 and 650 *et sec*, New York Labor Law Article 6 § 190 *et sec*., and N.Y. Codes Rules and Regulations Title 12 §§ 142-2.1, 142.2.2, and 142.2-4 to

3

recover unpaid minimum wages, overtime compensation, and unlawfully withheld tips and gratuities, for Plaintiff and all similarly situated persons who are presently or were formerly employed by Defendants.

Plaintiffs now seeks an order pursuant to 29 U.S.C. § 216(b) granting conditional certification, and authorizing Plaintiffs to send notice to all prospective members of the class of Basso 56 employees. Specifically, Plaintiffs seek conditional certification of the following similarly situated individuals:

> The Plaintiff and all current and former employees of Barbasso, Inc d/b/a Basso 56 and any related corporate entities and Paolo Cantini and Aleksander Kola, who performed work as busboys, runners, dishwashers, cooks, food preparers, delivery personnel and other restaurant-related tasks at Defendant restaurant located in New York, New York from September 8, 2008 through the present. Corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees are not part of the defined class.

## ARGUMENT

As stated above, Plaintiffs seek an order pursuant to 29 U.S.C. § 216(b) authorizing Plaintiffs to send a Notice of Pendency of Collective Action and Consent to Joinder ("opt-in") form to all prospective members of the class who did not receive minimum wages and/or overtime compensation allegedly owed to them by Defendants. (Plaintiffs' proposed Notice of Pendency ("Notice"), Consent to Joinder Form ("Opt-in Form") and Publication Order are annexed to the Declaration of Leonor H. Coyle as Exhibits A and B). The FLSA, 29 U.S.C. § 216(b) provides in pertinent part that:

> [a]n action…may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

This provision of the FLSA has been interpreted to establish an "opt-in" scheme in which plaintiffs must affirmatively notify the court of their intentions to be a party to the suit. *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889 (D. Md. 1995). The purpose of this provision allows for an early and orderly prosecution of this action by advising all potential class members of the pendency of this action, and the basic nature of the class claims. Furthermore, it insures against inconsistent results through competing lawsuits by other aggrieved workers who may be contemplating legal action. This reasoning has repeatedly been applied in FLSA collective actions similar to the instant action. In *Patton v. Thomson* 364 F.Supp.2d 263 (E.D.N.Y. 2005) Magistrate Judge Orenstein directed Plaintiffs to publish a notice of pendency early in the litigation reasoning that:

> …it is appropriate to do so at this stage, rather than awaiting the completion of discovery…. [D]oing so now is "a means of facilitating the Act's broad remedial purpose and promoting efficient case management" *Hoffmann [v. Sbarro,* 982 F.Supp. 249, 262 (S.D.N.Y. 1997)] (citing *Braunstein [v. Eastern Photographic Lab.,* 600 F.2d 335, 336 (2d Cir. 1978)]. In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case.

*Id.* at 268. Additionally, there is no prejudice to the Defendants as the proposed Notice and Opt-in Form, annexed herewith as Exhibit B, do not provide anything more than a court-approved general description of the action and an explanation of opt-in procedures. *Id.*

It has been held that district courts have the discretion to facilitate notice to potential members of the class under the FLSA. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Braunstein*, 600 F.2d at 336. In so holding, the Second Circuit declared that giving courts the power to facilitate notice "comports with the broad

5

remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." *Braunstein v. Eastern Photographic Lab.*, 600 F.2d 335, 336 (2d Cir. 1978).

Court supervised notice to potential class members generally occurs during the first stage of a two-part procedure where courts determine whether the potential plaintiffs in a class action are "similarly situated" in accordance with 29 U.S.C. § 216(b). *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007). The first stage, also referred to as the notice stage, takes place prior to discovery, requiring the court to make its determination on whether to certify the class based on limited evidence then available. *Pendlebury v. Starbucks Coffee Company*, 2005 WL 84500 at *3 (S.D. Fla. Jan. 3, 2005); *Epps v. Oak Street Mortgage LLC*, 2006 WL 1460273 at *3 (M.D. Fla. May 22, 2006). The Court in *Iglesias-Mendoza* explained:

> At the first stage, the court will look at the pleadings and affidavits. If the plaintiff satisfies "the minimal burden of showing that the similarly situated requirement is met," the court certifies the class as a collective action. *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005). At this juncture – also termed the "notice stage" – the court applies "a fairly lenient standard" and (when it does so) typically grants "conditional certification." *Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, *7 (S.D.N.Y. Sept. 28, 2006) (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D.Pa. 2000)). Potential class members are then notified and provided with an opportunity to opt in to the action. *Scholtisek*, 229 F.R.D. at 387.

*Id.* at 367.

Because the first stage is made on a "fairly lenient standard", as the available evidence at that time is extremely confined and restricted, courts have held that, at this preliminary stage, "plaintiffs can satisfy the 'similarly situated' requirement by making 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common

Case 1:11-cv-06266-LTS-HBP   Document 15   Filed 02/01/12   Page 7 of 9

policy or plan that violated the law." *Iglesias-Mendoza*, 239 F.R.D. at 367-68 (citing *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998)). This is a more liberal standard than the required showing under Fed. R. Civ. Pro. 23 because "no showing of numerosity, typicality, commonality and representativeness need be made." *Iglesias-Mendoza*, 239 F.R.D. at 368 (citing *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)).

Although courts need not conclusively determine whether a class of "similarly situated" plaintiffs exists at the notice stage, "there must be, at a minimum, evidence of such a potential class sufficiently developed at this time to allow court-facilitated class notice." *D'Anna*, 903 F.Supp. at 893. In making this determination, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination." *Id*. *See also Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (plaintiffs required to establish "at least a colorable basis for claim that similarly situated plaintiffs exists"); *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007) (Gleeson, J.); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 91, 95-97 (S.D.N.Y. 2003).

The Plaintiffs in the instant matter have clearly met this minimal standard. The Named Plaintiff has specifically alleged that during the course of his employment, the Defendants employed him and other members of the putative class to work in a variety of restaurant-related jobs, such as bussers, runners, dishwashers, cooks, and food preparers. [Paguay Decl. at ¶ 12.] The Named Plaintiff testified that he and his co-workers were not paid for all the hours that they worked each week and that they did not receive minimum wages nor overtime compensation at time and one-half their regular hourly wage for all the hours over forty (40) that they worked each week. [Paguay Decl. at ¶¶ 5, 6, 7.] Furthermore, Plaintiff Paguay testified that he had

7

discussions with his co-workers and found they were similarly paid, in that they were not being paid overtime at one and one-half times their regular hourly rate. [Paguay Decl. at ¶¶ 12.] Moreover, the Named Plaintiff testified that he did not receive a written breakdown of his pay each week. [Paguay Decl. at ¶ 5.] While working for Defendants Plaintiff Paguay complained about his wages to Mr. Kola. However, Mr. Kola did not raise Plaintiff's wages [Paguay Decl. at ¶ 10.]

The Named Plaintiff represents that he personally worked with no less than 40 similarly situated employees. [Paguay Decl. at ¶ 13.] Plaintiff Paguay further stated that although he does not remember the names of everyone he worked with, he does remember some of their names and the type of work they did. [Paguay Decl. at ¶ 12.]

Based on the foregoing and the testimony and evidence contained in the Named Plaintiff's declaration, it is clear that Plaintiffs have sufficiently established "a colorable basis" for their claim that Defendants engaged in a policy and practice of failing to pay their employees the minimum wage for all hours worked and overtime compensation for all hours worked over 40 in any given week. *See Greene et al. v. C.B. Holding Corp. d/b/a Charlie Brown's Steakhouse et al.*, 10-CV-1094, Aug. 12, 2010 Order by Judge Jack B. Weinstein; *Severtson*, 137 F.R.D. at 267; *Nawrocki et al v. Crimson Const. Corp. et al*, 2009 WL 2356438 (E.D.N.Y. July 30, 2009). Plaintiffs "have easily made the modest showing that is require ed of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class." *Iglesias-Mendoza*, 239 F.R.D. at 368.

Accordingly, Plaintiffs respectfully request this Court grant Plaintiffs' motion and authorize that notice be given to potential class members to opt–in to this lawsuit in accordance

with 29 U.S.C. § 216(b), along with such further relief as this Court deems necessary.

Dated: February 1, 2012
       New York, New York

                                                /s/
                                       Lloyd Ambinder
                                       Leonor H. Coyle
                                       VIRGINIA & AMBINDER, LLP
                                       111 Broadway, Suite 1403
                                       New York, New York 10006
                                       Tel:   (212) 943-9080
                                       Fax:  (212) 943-9082
                                       lcoyle@vandallp.com

                                       *Attorneys for Plaintiff and Putative Class*

To:
George Felix Brenlla, Esq.
CLIFTON BUDD & DEMARIA, LLP
420 Lexington Avenue, Suite 420
New York, NY 10170-0089
Tel: (212) 687-7410

*Attorneys for Defendants*