USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 17 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DAVID PAGUAY et al.,

        Plaintiffs,

-v-                                  No. 11 Civ. 6266 (LTS)(HBP)

BARBASSO, INC. et al,

        Defendants.

------------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiff David Paguay ("Plaintiff" or "Paguay") brings this putative class and collective action against defendants Barbasso, Inc. d/b/a Basso 56, Paolo Cantini and Aleksander Kola (collectively, "Defendants"), asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b); New York Labor Law §§ 190 et seq.; New York Labor Law §§ 633 and 650 et seq.; and 12 New York Codes, Rules and Regulations ("NYCRR") § 146-1.6 to recover unpaid minimum wages, overtime compensation, and improperly retained tips. Plaintiff has moved for conditional collective action certification in connection with his FLSA claims. The Court has considered carefully all of the parties' submissions and, for the following reasons, Plaintiff's motion is granted.

## BACKGROUND

The following facts are taken from the allegations in the Complaint and Plaintiff's signed and sworn affidavit, and are assumed to be true for purposes of the instant motion practice. Defendants Paolo Cantini and Aleksander Kola own and operate the restaurant Basso 56 (the

"Restaurant"), which is located at 234 West 56th Street, New York, NY. (Compl. ¶¶ 20-22; Declaration of David Paguay (hereinafter "Paguay Decl.") ¶ 2.) Beginning in approximately August 2007, Plaintiff began working at the Restaurant as a busboy. (Compl. ¶ 28.) Plaintiff worked six days per week and regularly worked more than forty hours in any given week. (Id.) In particular, Plaintiff alleges that he worked from approximately 11:00 a.m. until 12:00 a.m. or 1:00 a.m. two days a week, and that he worked from approximately 3:00 p.m. or 4:00 p.m. until 12:00 a.m. the other four days a week. (Paguay Decl. ¶ 4.) Plaintiff was paid $10 per morning shift, and $20 per evening shift, plus tips. (Id. ¶ 5.) He was not paid time and one half his hourly wage for hours worked over forty in any week. (Compl. ¶ 29.) When the Restaurant hosted parties or events, Plaintiff was paid only in tips and did not receive an hourly wage. (Paguay Decl. ¶ 11.) Plaintiff was not paid the minimum wage for every hour that he worked (Compl. ¶ 30), and did not receive a paystub or written breakdown of his weekly pay. (Paguay Decl. ¶ 5.) The Restaurant did not have a punch clock to record employees' hours; rather, employees' schedules were written down in a book. (Id. ¶ 9.) Additionally, Plaintiff alleges that he and his co-workers had to share their tips with Defendants Kola and Cantini. (Compl. ¶ 31; Paguay Decl. ¶ 8.)

Plaintiff alleges that every employee of the Restaurant, with the exception of the waiters, was paid in a similar manner. (Paguay Decl. ¶ 7.) That is, all the employees were paid in cash and were not paid at one and a half times their hourly rate for hours worked over forty each week. (Id.) Plaintiff further identifies several other employees by first name, and alleges that these employees all told him that they were not paid overtime wages. (Id. ¶ 12.)

DISCUSSION

Plaintiff asserts the following causes of action under the FLSA: 1) failure to pay minimum wage as required by 29 U.S.C. § 206; and 2) failure to provide overtime compensation as required by 29 U.S.C. § 207. Plaintiff now seeks an order (1) approving a proposed collective action notice for mailing to potential plaintiffs; and (2) conditionally certifying this action as a collective action with the collective comprised of Plaintiff and "all current and former employees of Barbasso, Inc. d/b/a Basso 56 and any related corporate entities and Paolo Cantini and Aleksander Kola, who performed work as busboys, runners, dishwashers, cooks, food preparers, delivery personnel and other restaurant-related tasks" at Basso 56 at any time since September 8, 2008.

At the first stage of certifying an FLSA collective action, a district court is merely to "examine[] the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." Morales v. Plantworks, Inc., No. 05 Civ. 2349(DC), 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006). A plaintiff can meet this standard "by making a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." Id., at *2. Plaintiff's burden at this juncture is low, and courts apply a lenient standard for conditional certification of a collective action. See id.

Here, Plaintiff has alleged that all Restaurant employees, with the exception of waiters, were paid in cash, that they did not receive minimum wage, and that they did not receive overtime compensation for hours worked over forty each week. Plaintiff has also alleged that he spoke with several co-workers who worked in various capacities (dishwasher, food preparer, salad maker, and busboy), and that they stated that they were not paid overtime. While Plaintiff

does not remember the full names of all the co-workers he spoke with, his affidavit identifies several by first name and position. These allegations are sufficient to meet the "modest factual showing" that is required at this preliminary stage, Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997), and are sufficient to support conditional certification of a class that includes busboys, runners, dishwashers, cooks, food preparers, and delivery personnel for the purpose of asserting FLSA minimum wage and overtime compensation claims. See, e.g., Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (certifying class of employees working at multiple locations and performing different tasks when plaintiffs alleged that "they were subject to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class"). To the extent that Defendants' opposition to Plaintiff's motion for conditional certification is based on the fact that the Complaint and Plaintiff's motion papers incorrectly identify Barbasso, Inc. d/b/a Basso 56 as the relevant corporate defendant, such opposition is mooted by Plaintiff's motion for leave to file an Amended Complaint. The collective active notices will incorporate the correct entity name.

       The Court will approve, with certain modifications, Plaintiff's proposed Notice of Lawsuit and Consent to Join forms. The Court will also approve Plaintiff's proposed Publication Order. Defendants' objection to the proposal that Basso 56 post the Notice in each workplace where potential opt-in plaintiffs are employed is meritless, as "such a practice has been routinely approved." Garcia v. Pancho Villa's of Huntington Village, 678 F. Supp. 89, 96 (E.D.N.Y. 2010).

CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional collective action certification is granted. The Court hereby certifies a collective action class consisting of all current and former employees of Buona Fortuna, Inc., d/b/a Basso 56, any of its related corporate entities, or Paolo Cantini and Aleksander Kola, who performed work as busboys, runners, dishwashers, cooks, food preparers, or delivery personnel at Basso 56 restaurant (located at 234 W. 56 St., NY, NY) from September 8, 2008, through the present. The Court will issue a separate order regarding the conditional certification and notice and opt-in procedures. This Memorandum Order resolves docket entry no. 14.

Dated: New York, New York
       July 17, 2012

                                              LAURA TAYLOR SWAIN
                                              United States District Judge