UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DAVID PAGUAY, et al.,

           Plaintiffs,

      -v-                                    No.  11 Civ. 6266 (LTS)

BUONA FORTUNA, INC. d/b/a/ BASSO 56,
et al.,

           Defendants.

--------------------------------------------------------x

MEMORANDUM ORDER

           Plaintiff David Paguay ("Plaintiff" or "Paguay"), brings this collective and

putative class action against defendants Buona Fortuna, Inc., d/b/a Basso 56, Paolo Cantini and

Aleksander Kola (collectively, "Defendants"), asserting claims pursuant to the Fair Labor

Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and New York Codes, Rules and

Regulations ("NYCRR") to recover unpaid minimum wages, overtime compensation, and

improperly retained tips.   The Court has jurisdiction of Paguay's federal claims pursuant to 28

U.S.C. § 1331 and supplemental jurisdiction of Paguay's state law claims pursuant to 28 U.S.C.

§ 1367.  In July 2012, the Court granted Plaintiffs' motion for conditional collective action

certification, and certified a collective consisting of all current and former employees of Buona

Fortuna, Inc., d/b/a Basso 56, any of its related corporate entities, or Paolo Cantini and

Aleksander Kola, who performed work as busboys, runners, dishwashers, cooks, food preparers,

or delivery personnel at Basso 56 restaurant from September 8, 2008 through July 17, 2012.

Noticing of the collective was authorized by a July 17, 2012, order, with a joinder deadline of

October 15, 2012.  Only one individual – Daniel Mackenzie – has filed a notice of joinder.

Paguay, a former busboy at Basso 56, now moves for summary judgment as to all of his claims.[1]  The Court has considered thoroughly the parties' submissions and, for the following reasons, Paguay's motion for summary judgment is granted in part and denied in part.

<u>BACKGROUND</u>

Unless otherwise indicated, the following material facts are undisputed.[2]  Cantini and Kola are shareholders of Buona Fortuna, the company that operates Basso 56, a restaurant located at 234 West 56 Street, New York, New York 10019.  (Pl. 56.1 Statement ¶¶ 2-4.)  Cantini, the restaurant's chef, runs the kitchen and supervises the kitchen staff.  (Pl. 56.1 Statement ¶ 27.)   Kola runs the "front of the house," dealing with customers and the restaurant's wait staff.  (Pl. 56.1 Statement ¶ 27.)  Cantini's wife, Ellen, handles the restaurant's payroll.  (Cantini Dep 15:2-3.)  Paguay was employed as a busboy at Basso 56 between March 2008 and October 2010, during which time he frequently worked both the lunch and dinner shifts in a single day.  (Pl. 56.1 Statement ¶¶ 1, 20.)

Paguay claims that he routinely worked 50 hours per week, sometimes starting at 11:30 a.m. and working until he closed the restaurant at around 3:00 a.m.  (Paguay Dep. 55: 7-9.)  Defendants dispute the exact number of hours Paguay worked, but agree that he worked at least 40 hours per week.  (Def. 56.1 Statement ¶ 7.)  Paguay was paid in cash for this work.  (Paguay Dep. 25: 5-6; Kola Dep. 67: 20-21.)  He contends that these cash payments reflected a flat "shift" wage of $10 per lunch shift and $20 per dinner shift, as well as his share of the pooled tips from

---

[1]   For reasons that are not explained in the motion papers, the motion does not seek any relief on behalf of the additional collective action plaintiff, Mr. Mackenzie.

[2]   Citations to the parties' S.D.N.Y. Local Rule 56.1 Statements incorporate by reference the evidence cited therein.

the restaurant.  (Pl. 56.1 Statement ¶ 21.)  Defendants contend that, in addition to the "shift"

wage and his share of tips, Paguay was also paid an hourly wage.  (Kola Dep. 58: 3-9; 65: 22-

23.)

            Defendants did not utilize a verifiable system, such as a punch clock, to track

employees' hours.  (Pl. 56.1 ¶ 37.)  Rather, Defendants roughly estimated the hours a given

employee worked, and distributed payments accordingly.  (Pl. 56.1 ¶¶ 35-37.)  Defendants failed

to maintain any contemporaneous documents recording the number of hours worked by each

employee; the only records Defendants kept of hours worked and payments made were weekly

hand-written schedules of the shifts worked and tips earned by the restaurant's employees, many

of which were discarded after payment was made.  (Pl. 56.1 ¶¶ 42-43, 45; Cantini Dep. 35:16-

17; Kola Dep. 23:7-19.)  These schedules included the first name of the employee, his or her

title, and the words "Shift," "Tip," and "TOT" with numbers beside each word.  (Pl. 56.1

Statement, Ex. G.)  Cantini and Kola's first names, Paolo and Alex, appear on these sheets under

the title "Waiter."  (Pl. 56.1 Statement, Ex. G.)  Cantini and Kola do not dispute that they

routinely shared in the tip pool.  (Kola Dep. 52: 22-24.)

## DISCUSSION

            Summary judgment is to be granted in favor of a moving party if "the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is considered material "if it might

affect the outcome of the suit under the governing law," and an issue of fact is a genuine one

where "the evidence is such that a reasonable jury could return a verdict for the non-moving

party."  Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The Second Circuit has explained, however, that "[t]he party against whom summary judgment is sought . . . 'must do more than show that there is some metaphysical doubt as to the material facts.'"  Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (internal quotations omitted).

   Plaintiff asserts the following causes of action: (1) failure to pay minimum wages as required by the FLSA, 29 U.S.C. § 206; (2) failure to pay overtime compensation as required by the FLSA, 29 U.S.C. § 207; (3) failure to pay wages as required by NYLL §§ 190, 191, 193, 198; (4) failure to pay minimum wages as required by NYLL § 663 and 12 NYCRR 137-1.2; (5) failure to pay overtime compensation as required by NYLL § 663 and 12 NYCRR 137-1.3; and (6) improper retention of gratuities in violation of NYLL §§ 193, 196-d, 198(3).

   The FLSA and NYLL require employers to pay employees who work in excess of forty hours during a single workweek for the excess hours "at a rate not less than one and one-half times the regular rate" of the employees' wages.  29 U.S.C.A § 207(a)(1) (West 1998); see also 12 N.Y. Comp. Codes R. & Regs. 142-2.2.  The FLSA and NYLL also require employers to pay their employees a minimum hourly wage, which is currently $7.25 per hour.  29 U.S.C. § 206(a)(1); N.Y. Lab. Law. § 652(1).  Employers may, however, take advantage of a "tip credit," which allows them to credit a portion of the employee's tips against the statutorily mandated minimum wage and, accordingly, pay the employee a reduced hourly rate.  See 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4).[3]  Under the FLSA, an "employer may take advantage of the tip credit if two conditions are satisfied: (1) the tipped employee has been informed by the employer of the provisions of [29 U.S.C. 203(m)], and (2) all tips received by such employee

---

[3]    A "tipped employee" is one "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C.A. § 203(t) (West 1998).

have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  Chung v. New Silver Palace Restaurant, Inc., 246 F. Supp. 2d 220, 228 (S.D.N.Y. 2002).  Specifically, the case law is clear that "an employer loses its entitlement to the tip credit where it requires tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers."  Shahriar v. Smith & Wollensky Rest. Group. Inc., 659 F.3d 234, 240 (2d Cir. 2011). New York law mirrors the federal law.  See N.Y. Lab. Law § 652(4); see also Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132(RJS)(KNF), 2012 U.S. Dist. LEXIS 16039, at *18 (S.D.N.Y Feb. 7, 2012) (prohibiting employers from requiring tipped employees to share tips with those who do not perform direct customer service or are managers of the employer).  Furthermore, New York law categorically prohibits an employer from retaining a gratuity intended for an employee, regardless of whether the employer wishes to take advantage of the tip credit.  N.Y. Lab. Law. § 196-d.[4]

Defendants' Practice of Sharing in Tips at Basso 56 was Illegal

        In the instant action, Defendants do not dispute that Kola and Cantini are "employers" as a matter of law, or that Kola and Cantini regularly shared in the employees' tip pool at Basso 56.  (Defs.' Opp. at 4; Kola Dep. 52: 22-24.)  They argue, however, that they are still entitled to the tip credit and are not in violation of N.Y. Lab. Law § 196-d because Kola and Cantini shared in the tip pool only on days when they provided direct customer service at the

---

[4]      "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."  N.Y. Lab. Law. § 196-d (McKinney 2009).

restaurant and so acted as traditionally tipped employees.  This argument is contrary to the

weight of the case law.  See, e.g., Chung, 246 F. Supp. 2d at 229.  In Chung, the defendant

restaurant advanced an argument identical to that of Defendants in the instant case – that it was

entitled to the tip credit despite the fact that managers shared in the tip pool, because the

managers performed traditional service functions such as seating customers, delivering food and

clearing tables.  Id. at 229.  The Chung court rejected this argument, holding that "the practice of

forced sharing of tips with management is [illegal], regardless whether or not the members of

management were engaged in restaurant services that could be the subject of tipping" and noting

that "Congress gave employers of tipped employees a simple choice: either allow employees to

keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum

wage."  Id. at 229, 230.  This Court likewise finds that Defendants are not entitled to the tip

credit and so were required to pay Plaintiff the statutorily mandated minimum hourly wage.

Additionally, because Defendants' tip sharing practices were per se illegal under N.Y. Lab. Law.

§ 196-d insofar as Kola and Cantini shared in the distribution, the Court grants summary

judgment to Plaintiff as to Count Six of the Amended Complaint.  See, e.g., Chung, 246 F. Supp.

2d at 228 (finding violation of section 196-d).


Questions of Fact Exist as to Plaintiff's Claims for Overtime Compensation and Hourly Wages
under the FLSA and New York law

        Summary judgment as to Plaintiff's remaining claims is inappropriate because

questions of fact exist regarding how many hours Paguay worked and how much he was paid.

Under the FLSA, an employer has a non-delegable duty to maintain accurate "records of the

persons employed by him and of the wages, hours, and other conditions and practices of

employment maintained by him." 29 U.S.C.A. § 211 (c) (West 1998).[5]  New York law imposes

similar requirements.  N.Y. Lab. Law. §§195, 661.  Defendants concede that they did not maintain

adequate records.  (Cantini Dep. 35:16-17; Kola Dep. 23:7-19.)  When an employer fails to keep

adequate records, the Supreme Court has set out a burden-shifting analysis providing that:

> [A]n employee has carried his burden if he proves that he has in fact performed
> work for which he was improperly compensated and if he produces evidence to
> show the amount and extent of that work as a matter of just and reasonable
> inference.  The burden then shifts to the employer to come forward with evidence
> of the precise amount of work performed or with evidence to negate the
> reasonableness of the inference to be drawn from the employee's evidence.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946); see also Reich v. Southern

New England Telecomms. Corp., 121 F.3d 58, 66 (2d Cir. 1997).  The employee's initial burden

is not a heavy one and can be satisfied based solely on his or her own recollections.  Kuebel v.

Black & Decker Inc., 643 F.3d 352, 362 (2d Cir. 2011).

Here, Plaintiff Paguay has testified that he worked approximately 50 hours per

week, that the only payments he received from Defendants were flat "shift" wages of $10 per

lunch shift and $20 per dinner shift, and that any additional money he received reflected his

share of pooled tips.  (Pl. 56.1 Statement ¶ 21.)  Plaintiff's testimony, based on his own

recollections, is sufficient to meet his prima facie burden.  Defendants, however, dispute how

many hours Plaintiff worked and how much he was paid.  Notably, Defendants contend that, in

addition to the flat "shift" wages, Plaintiff was always paid an hourly wage, and that, even

without tips, the combination of "shift" wages and the hourly wage, in light of the number of

---

[5]  These records must include the total hours an employee worked both daily and
weekly, the employee's regular hourly rate of pay for any workweek in which
overtime compensation is due, the employee's total daily and weekly earnings, and
the total premium pay for any overtime worked by the employee.  29 C.F.R. §§ 516.2,
516.5.

hours that Plaintiff routinely worked, satisfied minimum wage requirements.  (Kola Dep. 56:17-23; 64:12-14.)  Defendants also contend that the combination of "shift" wages and the hourly wage satisfied their overtime compensation obligations.  (Kola Dep. 64:12-14; 65: 22-23.)[6] Given this conflicting testimony, the Court finds that "the issue of wages paid for hours worked is essentially one of credibility, and for that reason it is inappropriate for resolution at the summary judgment stage."  See Gunawan v. Sake Sushi Restaurant, No. 09 CV 5018(ALC), 2011 WL 3841420 (E.D.N.Y. Aug. 26, 2011) (denying Plaintiff's motion for summary judgment as to FLSA and NYLL claims, despite Defendant's failure to keep adequate records, in light of conflicting deposition testimony).

        Accordingly, the Court concludes that Kola's testimony is sufficient to raise a genuine dispute of fact as to the hours that Paguay worked, as well as to the basis and amount of his compensation, and that summary judgment as to Paguay's FLSA and NYLL claims for overtime compensation, minimum wages, and failure to pay wages is inappropriate.


CONCLUSION

        For the foregoing reasons, Plaintiff Paguay's motion for summary judgment is granted as to Count Six (improperly retained tips under N.Y. Lab. Law § 196-d) and denied in all other respects.  This Memorandum Order resolves docket entry no. 43.  This case remains referred to Magistrate Judge Pitman for general pretrial management.  The parties are directed to

---

[6]    In addition to Kola's deposition testimony on this issue, Defendants offer the Declaration of Ellen Cantini, the restaurant's accountant and payroll officer.  (Def. 56.1 Statement, Ex. D.)  Plaintiff, in his reply papers, objects that the Court should not consider the Cantini declaration, which is undated.  See 28 U.S.C. § 1746.  Even assuming that the Cantini declaration is inadmissible, the Court still finds Kola's deposition testimony sufficient to raise a question of material fact and preclude summary judgment.

contact Judge Pitman's chambers promptly to discuss settlement, the status of Plaintiff

Mackenzie, and all other outstanding pretrial materials.

        SO ORDERED.


Dated: New York, New York
      July 31, 2013

                                             /S
                                    LAURA TAYLOR SWAIN
                                    United States District Judge